## In re IDT CORP. CALLING CARD TERMS LITIGATION

**Ana Cardoso, et al. v. IDT Corp., et al., D. New Jersey, C.A. No. 2:03-375**

**Morris Amsel v. IDT Corp., et al., S.D. New York, C.A. No. 1:02-9320**

### No. 1550.

Judicial Panel on Multidistrict Litigation.

Aug. 21, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation consists of two actions pending, respectively, in the District of New Jersey and the Southern District of New York. Common defendants IDT Corp. and IDT Telecom, Inc., along with their New Jersey action affiliated co-defendant (Union Telecard Alliance, LLC), move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of New Jersey. Plaintiffs in both actions initially opposed transfer. Subsequently, however, i) the plaintiff in the New York action has withdrawn its opposition and now agrees that transfer of the New York action to the District of New Jersey is appropriate; and ii) plaintiffs in the New Jersey action have also stated that they do not oppose transfer of the New York action to the New Jersey district.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The two MDL-1550 actions are overlapping putative class actions brought on behalf of purchasers of telephone calling cards marketed by common and/or affiliated defendants. The actions share claims of fraud and negligent misrepresentation based on defendants' alleged failure to adequately disclose rates, fees and surcharges applied to their telephone cards.

Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Of the two adjacent districts in which constituent actions are pending, we are persuaded that the District of New Jersey is an appropriate transferee forum for this docket. In particular, we note that all parties are in agreement upon selection of that district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Southern District of New York is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable William H. Walls for coordinated or consolidated pretrial proceedings with the action pending in that district.